BURDICK & BARRETT *v.* FREDERIC F. SIMMONS and others.

A Justice of the Peace cannot issue a second citation for an imprisoned debtor to his committing creditor, unless on proof of some change of circumstances satisfactory to him.  But the mode of proof is not specified by the statute; the justice issuing the citation is to judge of its sufficiency.

The creditor, on the hearing before two justices, has a right to be heard on the question whether there has been a change of circumstances, and to take their opinion upon it.

The statute (Revised Statutes, chap. 198, § 17) does not require that the justice shall recite the proof in the second citation, or state in so many words that a change of circumstances has been proved, but merely that he shall recite the change itself.

Taking the oath and executing an assignment under the Poor Debtors Act, constitutes a change of circumstances, such as the law requires to justify the issuing of a second citation.

DEBT, upon a bond, dated November 18th, 1865, given by the defendant Simmons as principal, and by the other defendants as his sureties, for the sum of three hundred and twenty-five dollars, to be paid to the plaintiffs.

Plea, *nil debet*, with a written agreement that under that plea either party might offer any evidence which would be admissible under any special plea.

The action was originally brought at the Court of Common Pleas for the county of Providence, and judgment having been there given for the defendants, was now brought to this court by appeal, and, a jury trial having been waived, was heard by the court both in fact and law.

It appeared in evidence, that the defendant Simmons, having been committed to the Providence county jail on execution for debt, at the suit of the plaintiffs, gave bond with sureties as above stated, conditioned that if said Simmons, then a prisoner in jail in Providence county, should thenceforth continue and be a true prisoner in the custody of Richard W. Blaisdell, keeper of said jail, and of his deputy, officers and servants, or some one of them, within the limits of said jail, until lawfully discharged therefrom, without committing any manner of escape or escapes during the term of his restraint, the bond was to be void.

It further appeared in evidence that the said Simmons, while he was imprisoned in said jail upon the aforesaid execution, to wit, on the 27th day of November, 1865, made application to a justice of the peace for a citation to the plaintiff, to show cause why he should not be admitted to the benefit of the poor debtor's act; which citation being duly served and returned at a time to which the hearing thereon was duly adjourned, being the 5th day of December, 1865, said Simmons appeared before a Justice of the Court of Magistrates and a justice of the peace who had full jurisdiction over his application, and who, after hearing the same, refused to admit him to the oath, and dismissed his application ; that afterwards, on the 19th day of December, 1865, the said Simmons, being still imprisoned upon the same commitment, applied to another justice of the peace for a second citation to the plaintiff, upon a similar application, which was issued by the justice, bearing the last named date, and made returnable on the 27th day of December, 1865, and served upon the plaintiffs on the 20th day of December, 1865 ;

and that the recital in said second citation of a change of circumstances since the taking out and dismissal of the former citation was in the following words : " Frederic F. Simmons, of the city and county of Providence, having cited upon a previous citation, and the oath having been denied him on said citation, and having since undergone a change of circumstances in this, that since said refusal said petitioner has taken the oath under the poor debtors act, and made an assignment, according to the statute in such case made and provided." * * * It also appeared in evidence, that said Simmons appeared at the time to which the hearing on said second citation was duly adjourned, being the 27th day of December, A. D. 1865, before the same Justice of the Court of Magistrates, who had sat on his former citation, and a justice of the peace, who, upon a hearing of his application admitted him to take the poor debtor's oath, and gave him a certificate thereof under their hands and seals, in pursuance of which he was discharged from jail by the keeper of the Providence county jail, and, subsequently to the giving of said certificate, and prior to the bringing of this suit, went beyond the limits of the jail yard.

*W. H. Greene, for the plaintiffs :*—

I. The second citation is void, because it contains no evidence that any proof of a change of circumstances had been submitted to the justice who issued it. 1. Technical words in a statute are to be taken in a technical sense. *Gore* v. *Brazier,* 3 Mass. 523 ; *Pease* v. *Whitney et al.,* 5 Ibid, 380 ; *Stanwood* v. *Peirce,* 7 Ibid, 458 ; *Gibson* v. *Jenney,* 15 Ibid, 205 ; 1 Kent's Com. 462, (s. p.) 2. What is implied in a statute is as much a part of it as what is expressed, and statutes should be so construed as to give effect to the meaning and intention of the legislature which passed them. *United States* v. *Babbitt,* 1 Black. 61, and cases cited ; *Souter* v. *the Sea Witch,* 1 Cal. 162 ; *Banks* v. *Darden,* 48 Geo. 318. 3. Inferior courts are confined strictly to the authority given them. *Bloom* v. *Burdick,* 1 Hill, 130 ; *Granite Bank* v. *Treat,* 18 Maine, 340 ; *Barrett* v. *Crane et al.,* 16 Vt. 246 ; *Lane* v. *Crosby,* 42 Maine, 327 ; *Wight* v. *Warner,* 1 Mich. 384 ; *Clarke* v. *Holmes,* 1 Ibid, 390 ; *Tifft et al.* v. *Griffin,* 5 Geo.

185 ; *Swann et al.* v. *Mayor and C. C. of Cumberland*, 8 Gill 150. 4. The application for the poor debtor's oath, being an *ex parte* proceeding, must be made in conformity to the statute, and where a court exercises an extraordinary power under a special statute which prescribes its course, that course ought to appear on the face of the record, otherwise the proceedings are void as *coram non judice. Thatcher* v. *Powell*, 6 Wheaton, 119 ; *Stanton et al.* v. *Ellis*, 2 Kern. 575; *Lowe* v. *Alexander*, 15 Cal. 296; *Doll* v. *Feller* 16 Cal. 432 ; *Wright* v. *Warner*, 1 Mich. 384; *Sheldon* v. *Newton*, 5 Ohio, N. S. 494.

*Parkhurst, for the defendants :—*

There has been no breach of the bond, because, 1. The citation to the creditors recited a change of circumstances, so that .the magistrate issuing it was satisfied to grant the citation. This judgment was final. The court cannot inquire into it in this proceeding. *Angell* v. *Robbins*, 4 R. I. 493. 2. As the magistrates before whom the citation was tried had jurisdiction to hear and determine the matter, their judgment cannot be reversed in any collateral proceeding.

POTTER, J. The second citation in this case recites, (after referring to the first citation,) that the prisoner had " undergone a change of circumstances in this, that since said refusal, said petitioner has taken the oath under the poor debtor's act and made an assignment according to the statute in such case made and provided." It is objected, first, that the citation contains no evidence that any proof of change of circumstances was submitted to the justice ; and, second, that the facts recited do not constitute a sufficient change of circumstances.

By the statute, the debtor is not to be entitled to a second citation " unless on proof of some change of circumstances after the taking out of the first citation ; which change of circumstances shall be annexed to or recited in, the second citation, and form a part thereof."

The justice is not to issue a second citation, unless on proof of some change of circumstances. The proof, heard as it is, *ex parte*, must be satisfactory to him. But the mode of proof is not specified ; the justice is to judge of its sufficiency. And it

has always been considered that the creditor, upon the hearing before the two justices, has a right to a hearing on this question, whether there has been a change of circumstances, and to take their opinion upon it.

In regard to the recital, the justice has done all that the statute requires. It does not require that he shall recite the proof, or state in so many words that it has been proved ; but merely that he shall recite the change of circumstances.

In regard to the other point, whether the facts stated constitute a sufficient change of circumstances, we are of opinion, that an assignment executed under the poor debtors act would constitute a change of circumstances, such as the law requires to justify the issuing of a second citation.

*Judgment for defendants.*